J-S20026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH A SENOSKI | : | |
| | : | |
| Appellant | : | No. 1340 WDA 2021 |

Appeal from the PCRA Order Entered October 22, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0007565-1995

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.: **FILED: July 8, 2022**

Kenneth A. Senoski (Appellant) appeals *pro se* from the order dismissing as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the case history as follows:

On May 19, 1997, [A]ppellant was convicted by jury trial of aggravated assault, criminal attempt (rape), and recklessly endangering another person. The conviction arose from a stabbing and attempted rape at the victim's home in Bridgeville on April 28, 1995. The victim recognized [A]ppellant as being one of the moving men who had moved property to the victim's home about a week earlier. Appellant was initially sentenced to 25 to 50 years' imprisonment, but on November 17, 1997, following a motion for modification, the court re-sentenced [A]ppellant to 12½ to 25 years' imprisonment. This [C]ourt affirmed the judgment of sentence on August 2, 1999, and our [S]upreme [C]ourt denied appeal on November 23, 1999. ***Commonwealth v. Senoski***, 745 A.2d 46 (Pa. Super. 1999) (unpublished memorandum), ***appeal denied***, 560 Pa. 743, 747 A.2d 367 (1999).

***Commonwealth v. Senoski***, 108 A.3d 106 (Pa. Super. Oct. 7, 2014) (unpublished memorandum at *1).

Between 1999 and 2014, Appellant filed five unsuccessful PCRA petitions. He also filed several unsuccessful petitions for writ of *habeas corpus* in federal court.

Appellant *pro se* filed the instant PCRA petition, his sixth, on April 17, 2018, followed by an amended petition, approximately 40-pages long, on October 13, 2018. The PCRA court appointed counsel, who, after concluding Appellant's PCRA petition was time-barred, filed a "no-merit" letter and motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 5, 2021, the PCRA court granted counsel's motion to withdraw and issued Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. The court dismissed the petition on October 22, 2021. Appellant timely appealed.[1]

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***,

---

[1] Appellant presents eight issues in his statement of questions involved. **See** Appellant's Brief at 1-2. Only one of those issues, which concerns DNA testing and was previously litigated, is raised in Appellant's amended PCRA petition. **See** Amended PCRA Petition, 10/13/18, at 2-3; **see also** 42 Pa.C.S.A. § 9543(a)(3); ***Commonwealth v. Senoski***, 69 A.3d 1296 (Pa. Super. Mar. 19, 2013) (unpublished memorandum at *2).

54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

PCRA petitions, including second and subsequent petitions, must be filed within one year of an appellant's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Appellant's judgment of sentence became final on February 22, 2000. He did not file the instant petition until April 17, 2018. Thus, the petition is untimely. A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation

of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. ***Spotz***, 171 A.3d at 676.

Critically, Appellant has not pled or proven an exception to the PCRA's timeliness requirement (although he vaguely references new evidence in arguing PCRA counsel was ineffective). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). As we previously observed:

> In point of fact, it is difficult to distill anything from [A]ppellant's [] brief. Appellant's brief is a rambling, incoherent discourse. Appellant makes bald assertions supported by little legal argument and cites case authority with no meaningful discussion.

***Senoski***, 69 A.3d 1296 (unpublished memorandum at *2).[3]

In another decision affirming the denial of PCRA relief, we stated:

---

[2] Effective December 24, 2018, the time period in which to file a petition invoking an exception was extended from 60 days to one year. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. The amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, claims arising December 24, 2017 or later. Because Appellant filed his petition on April 17, 2018, the amendment applies.

[3] Appellant's brief was 159 pages long, and comprised of 89 pages of argument with 70 pages of exhibits. Here, Appellant's brief is 91 pages long, including 67 pages of exhibits.

> [I]t is clear that Appellant's petition is facially untimely[.] … In his brief to this Court, Appellant does not invoke any exception set forth [in] 42 Pa.C.S. § 9545(b)(1). This is despite the fact that in this Court's memorandum in his last appeal, we instructed him on the law regarding the timeliness of a PCRA petition. … Once again, Appellant's brief on appeal is rambling and incoherent. … Moreover, Appellant makes only vague references to certain evidence either presented or not presented at trial.

*Senoski*, 108 A.3d 106 (unpublished memorandum at *2) (footnote omitted).

As best we discern, the issues Appellant raises in his brief were not presented in his amended PCRA petition. Moreover, Appellant has not come close to pleading and proving an exception to the PCRA's time-bar. Accordingly, Appellant's petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." *Lewis*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2022

- 5 -